CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 27 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LINDA F. McDONALD, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Civil Action No. 5:06CV00050 <br><br> **MEMORANDUM OPINION** <br><br> By: Honorable Glen E. Conrad <br> United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Linda F. McDonald, was born on February 28, 1950, and eventually completed the tenth grade in school. Ms. McDonald has been employed as a security officer, cashier, and customer service worker. Apparently, she last worked on a regular basis in 2000. On March 11, 2004, Ms. McDonald filed an application for supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment in July 2000, due to an injury to her

lower back and degenerative disc disease in the lower back. Ms. McDonald now maintains that she has remained disabled to the present time.

Plaintiff's claim was denied upon initial consideration and reconsideration. She then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated July 13, 2005, the Law Judge also ruled that Ms. McDonald is not disabled. The Law Judge found that plaintiff suffers from pain in her lower back. However, despite her physical problems, the Law Judge ruled that Ms. McDonald retains sufficient functional capacity to perform several of her past relevant work roles. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. McDonald has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. McDonald has a history of

2

treatment for a variety of temporary medical problems. More recently, she has been found to experience an incisional hernia following removal of her gallbladder. There is no indication, however, that this problem affects plaintiff's capacity for work. On the other hand, Ms. McDonald also suffers from lower back pain which has impacted her functional capacity. It seems that Ms. McDonald injured her back at work and that she has now developed degenerative disc disease. A treating chiropractor and a treating orthopedic specialist have answered questions so as to indicate that Ms. McDonald is disabled for regular work activity. However, the court believes that the Administrative Law Judge properly relied on clinical notes from the treating orthopedist in determining that Ms. McDonald's back problems are not so severe as to prevent performance of past relevant work activities. Accordingly, the court must conclude that the Commissioner's final decision is supported by substantial evidence.

Dr. Alan S. Cason, a chiropractor, answered questions about Ms. McDonald's condition on August 27, 2004. Dr. Cason first examined plaintiff in April 2003. After assessing plaintiff's functional capacity, Dr. Cason opined that Ms. McDonald has been disabled for all forms of work since July 2000. Dr. Robert Kime, III, an orthopedic specialist, answered the same set of questions on September 1, 2004. Dr. Kime also indicated that Ms. McDonald has been disabled since July 2000.

In denying plaintiff's claim, the Administrative Law Judge relied on a clinical report completed by Dr. Kime following examination of Ms. McDonald on February 4, 2004. On that occasion, Dr. Kime reported as follows:

> S: Linda McDonald follows up for her low back. She has been on maintenance control of her multilevel lumbar DDD using a combination of Celebrex 200 mgs PO BID as well as Tylenol #3 PRN. She has a history of an L3-4 and L4-5 IDET procedure performed back in 2000. Her x-rays today confirm that she still has moderate DDD at both the L3-4 and L4-5 levels with about 50 to 75% disc space narrowing. There is slight asymmetry of the disc space narrowing on her AP view, but no substantial scoliosis. The patient does not have any overt neurologic deficit.

Case 5:06-cv-00050-GEC   Document 14   Filed 04/27/07   Page 3 of 5   Pageid#: 49

O: She can walk on her tip toes and heels. Rhomberg test is neg today. She gets intermittent givein [sic] way of her legs, which is probably related to pain inhibition and I do not feel at this point her symptoms are severe enough to warrant any surgical intervention. She could someday eventually require an L3 to L5 decompression and fusion with instrumentation, if her symptoms get severe enough. I have discussed the option of having her f/u with Ms. Koogler, since she is non-surgical at this point and the patient [unintelligible] is amendable [sic] to this.

A: Multilevel lumbar DDD.

(TR 134).

Under 20 C.F.R. § 416.927, it is provided that the Commissioner is not required to accept opinions from a claimant's treating physician if those opinions are not consistent with the objective findings in the claimant's case. Given Dr. Kime's clinical notes compiled only a few weeks prior to the medical opinions as to plaintiff's disability, the court must conclude that there is substantial evidence to support the Commissioner's resolution of the factual conflicts in this case. Dr. Kime specifically noted that there was no indication of any overt neurologic deficit. Clinical examination revealed no significant functional restrictions. Dr. Kime specifically noted that plaintiff did not require surgery, and that she would require further evaluation only if she developed "more specific neurologic symptoms." (TR 134). Based on these clinical findings from plaintiff's treating orthopedic specialist, the court believes that there is evidence which supports the Commissioner's factual findings in this case. It follows that the Commissioner's final decision must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Ms. McDonald is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that she suffers from lower back problems which can be expected to product pain, stiffness, and functional limitations. However, it must again be noted that plaintiff's treating specialist produced clinical findings which support the Commissioner's determination that plaintiff's condition has not progressed to a disabling level of severity. It must be recognized that the inability to do work without any subjective

4

discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge properly weighed the clinical findings against plaintiff's subjective complaints in adjudicating Ms. McDonald's claim for benefits. Once again, plaintiff's complaints of disabling symptomatology are not consistent with the physical findings which have been made by the specialist in her case. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER this 27th day of April, 2007.

_____
United States District Judge